IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
CESAR MARIN #N-02221,           )
                                )
            Petitioner,         )
                                )
    v.                          )    No.  12 C 46
                                )
MARC G. HODGE, WARDEN,          )
                                )
            Respondent.         )

MEMORANDUM ORDER

Cesar Marin ("Marin") has filed a self-prepared 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition")[2] in which he seeks relief from a nearly-three-decades-old conviction on charges of murder, armed robbery and attempt murder, with a 75-year custodial sentence applicable to the first of those charges. This Court has conducted the preliminary review called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), and it finds that an immediate dismissal of the Petition is called for.

First, however, it is necessary to clear up a misunderstanding on Marin's part as to the required filing fee for his Petition. Although federal habeas proceedings by state

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] "Self-prepared" is employed here in the sense that Marin has used the printed form of Petition provided by this District Court's Clerk's Office, supported by handprinted inserts and a detailed 19-page handprinted statement coupled with a number of documentary exhibits.

court prisoners call for payment of a modest $5 filing fee, Marin has submitted an In Forma Pauperis Application ("Application") on a Clerk's-Office-supplied form. That Application is denied, and Marin is ordered to pay the $5 filing fee on or before January 23, 2012.[3]

To turn to the Petition itself, Marin's conviction and sentence go back to 1982. After a partially successful appeal that resulted in a remand for resentencing, which took place on May 27, 1982, Marin then made two attempts to obtain post-conviction relief from the state court system. Both were ultimately unsuccessful, the first through an Illinois Appellate Court affirmance at the end of September 1988 and the second through an Illinois Appellate Court decision at the beginning of October 2000.

It is painfully obvious from that time sequence that Marin needs to find a source of relief from the one-year limitation period prescribed by Section 2244(d)(1). Under that statute the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] To facilitate that payment, this Court is contemporaneously transmitting a copy of this memorandum order to the trust fund officer at Lawrence Correctional Center, where Marin is in custody. It is expected that the authorities there will charge Marin's trust fund account and transmit the $5 fee to this District Court's Clerk's Office, with this case number (12 C 46) to be designated on the remittance.

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

To that end Marin seeks to invoke what he calls the "new rule" established in accordance with the United States Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). And he seeks to buttress that by citing to a number of other federal and state court cases.

But none of those cases does Marin any good, for both <u>Apprendi</u> and the subsequent holding that <u>Apprendi</u> applies retroactively go back more than a decade, and not one of the many other cases that Marin cites comes even close to a vintage that would qualify it for compliance with Section 2244(d)(1). In short, Marin has struck out by many years in his effort to bring himself within the Section 2244(d)(1) one-year limitation period. And that being so, it is an understatement to quote the Section 2254 Rule 4 language that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

3

relief in the district court." Accordingly this Court complies with that Rule 4 mandate to dismiss the Petition, and it denies Marin's contemporaneous motion for the appointment of counsel as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date:   January 9, 2012